IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES O'NEAL, | § | |
| | § | No. 68, 2023 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 2108001944 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |
| | § | |

Submitted: December 22, 2023
Decided: March 6, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## ORDER

After consideration of the brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the Superior Court record, it appears to the Court that:

(1)   In October 2021, a Superior Court grand jury indicted the appellant, James O'Neal, for first-degree robbery, possession of a firearm during the commission of a felony, possession of a firearm by a person prohibited ("PFBPP"), possession of a firearm with an obliterated serial number, carrying a concealed deadly weapon, and tampering with physical evidence. After O'Neal moved to sever the PFBPP charge, the State agreed to proceed to trial on the PFBPP charge first and dismiss the remaining charges if O'Neal was found guilty.

(2) On August 8, 2022, the case proceeded to a jury trial. Wilmington Police Department Patrol Officer Luis Vazquez testified that he was on patrol in a marked police vehicle on the night of August 4, 2021, when he observed a male pedestrian waving his hands above his head in an apparent effort to flag down Officer Vazquez. As Officer Vazquez approached, he saw another individual—later identified as O'Neal—toss an unknown object under a nearby vehicle. Officer Vazquez exited his vehicle and activated his body-worn camera. After O'Neal threw another unidentified object away from him, Officer Vazquez placed O'Neal in handcuffs. Officer Vazquez then looked under the vehicle by which he had seen O'Neal toss the first object and recovered a loaded firearm. Footage from Officer Vazquez's body-worn camera was played for the jury and showed O'Neal throwing something away from him, Officer Vazquez placing O'Neal in handcuffs, and Officer Vazquez recovering and securing a firearm from under a nearby car. A forensic firearms examiner swabbed the firearm for DNA and processed it for fingerprints. No fingerprints were recovered from the firearm, but DNA recovered from the firearm's magazine matched O'Neal's DNA profile. Finally, the parties stipulated that O'Neal was a person prohibited from owning or possessing a firearm on April 4, 2021.

(3) The jury found O'Neal guilty of PFBPP. Following a presentence investigation, the Superior Court sentenced O'Neal as a habitual offender under 11

2

*Del. C.* § 4214(d) to twenty years of incarceration, suspended after the minimum-mandatory term of fifteen years for eighteen months of probation. This appeal followed.

(4) O'Neal's counsel on appeal has filed a brief and a motion to withdraw under Rule 26(c). Counsel asserts that, after a complete and careful examination of the record, she could not identify any arguably appealable issues. Counsel informed O'Neal of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and a draft of the accompanying brief. Counsel also informed O'Neal of his right to supplement counsel's presentation. The State has responded to the Rule 26(c) brief and has moved to affirm the Superior Court's judgment.

(5) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold. First, the Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for claims that could be arguably raised on appeal.[1] Second, the Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[2]

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wis.*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[2] *Penson*, 488 U.S. at 81-82.

(6)     O'Neal did not provide points to defense counsel but requested and received additional time to submit argument directly to the Court.  In his supplement to counsel's opening brief, O'Neal argues that his conviction should be reversed because: (i) Officer Vazquez testified inconsistently; (ii) the prosecutor engaged in misconduct; (iii) the State's firearm expert improperly testified to the manner in which firearms are handled; (iv) the State failed to identify or interview other people at the crime scene; and (v) there was insufficient evidence to support his conviction.  In connection with these claims, O'Neal also argues that trial counsel was ineffective.  We find no merit to O'Neal's arguments.

(7)     As a preliminary matter, to the extent O'Neal raises ineffective-assistance-of-counsel claims, we have consistently held that such claims will not be considered on direct appeal.[3]

(8)     O'Neal claims that Officer Vazquez's testimony conflicted with the body-worn camera recording because the footage does not show him throwing an object under a car.  But Officer Vazquez testified that he observed O'Neal throw an unknown object under the car *before* he exited his vehicle and activated his body-worn camera.  To the extent that O'Neal points to discrepancies in Officer Vazquez's testimony regarding how O'Neal disposed of the firearm—did he throw, toss, or drop it?—any inconsistency is immaterial to the elements of PFBPP.  In any event,

---

[3] *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994).

the jury was responsible for judging Officer Vasquez's credibility and resolving any conflict in his testimony.[4]

(9) O'Neal next claims that the prosecutor made two improper statements during closing argument:

> (i) "And he tossed [the firearm] under the car when Officer Vazquez pulled up. Lights and sirens. There's the police. Let me get rid of that." ("First Comment")

and

> (ii) "He admits he was prohibited from having a gun that day. That he had the gun when we [sic] threw it under the car; that the eyewitness saw it." ("Second Comment")

As we have recently reaffirmed, "prosecutors are allowed to comment on evidence and the reasonable inferences therefrom, provided they stay within the bounds of the facts of the case and do not misstate the evidence or mislead the jury as to the inferences it may draw."[5] O'Neal misconstrues the prosecutor's comments. As to the First Comment, the prosecutor was merely drawing a reasonable inference from the evidence—including Officer Vazquez's testimony that he arrived at the scene in a marked police vehicle and Officer Vazquez's body-worn camera footage, which showed police lights flashing. As to the Second Comment, the prosecutor was not alleging, as O'Neal claims, that O'Neal had admitted to possessing the firearm, but

---

[4] *Dryden v. State*, 2008 WL 555956, at *1 (Del. Mar. 3, 2008).
[5] *Trala v. State*, 244 A.3d 989, 1000 (Del. 2020) (cleaned up).

rather that Officer Vazquez's eyewitness testimony supported a finding that O'Neal had possessed the firearm.

(10) O'Neal also argues that the State's firearm expert, Corporal Gerald Nagowski, improperly testified as to how firearms are generally handled to "mislead the jury as to why Mr. O'Neal's fingerprints were not on the gun." O'Neal's claim is without merit. Experts may offer an opinion provided it is, among other things, based on sufficient facts or data.[6] Here, Corporal Nagowski testified that although he processed anywhere from 250 to 400 firearms a year, he had successfully collected fingerprints from only a handful because it is difficult to collect a fingerprint from the textured grip of a firearm. That opinion, based on Corporal Nagowski's professional experience, was permissible. And we note that defense counsel was able to emphasize through her cross-examination of Corporal Nagowski that O'Neal's fingerprints were not found on *any* part of the firearm, including non-textured areas.

(11) O'Neal next claims that he told Officer Vazquez that he had been robbed before he was arrested and argues that (i) the State's failure to identify and interview others at the scene constituted a Rule 16 or *Brady* violation and (ii) the Superior Court should have, *sua sponte*, given a *Lolly/Deberry* missing-evidence instruction. O'Neal is mistaken on both counts.

---

[6] D.R.E. 702(b).

6

(12) A *Brady*[7] violation has three components: "(1) evidence exists that is favorable to the accused, because it is either exculpatory or impeaching; (2) that evidence is suppressed by the state; and (3) its suppression prejudices the defendant."[8] To the extent O'Neal argues that a *Brady* violation occurred, he does not explain what evidence the State possessed that was material to his defense or how the State suppressed it. We note that when, as here, the investigating officer witnessed the activity forming the basis of the criminal charge, it follows that he need not interview other witnesses. Finally, defense counsel stressed in her closing argument that it was incumbent upon the jury—which had, of course, seen the video footage showing other individuals milling about in the area from where the firearm was recovered—to consider whether there was another possible explanation for the firearm's presence under the car.

(13) A *Lolly/Deberry*[9] jury instruction is appropriate "where potentially exculpatory *physical* evidence was either not collected by law enforcement or collected but not preserved during the course of the prosecution."[10] O'Neal does not claim that the police failed to collect or preserve any physical evidence. In short, the *Lolly/Deberry* framework is inapplicable to O'Neal's "missing evidence" claim.

---

[7] *Brady v. Maryland*, 373 U.S. 83 (1963).

[8] *Coleman v. State*, 289 A.3d 619, 627 (Del. 2023) (citation omitted).

[9] *Lolly v. State*, 611 A.2d 956 (Del. 1992); *Deberry v. State*, 457 A.2d 744 (Del. 1983).

[10] *Coleman* at 626.

(14) Finally, O'Neal claims that there was insufficient evidence to support his PFBPP conviction. When reviewing a claim of insufficient evidence, the Court must determine whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[11] When making that determination, the Court does not distinguish between direct and circumstantial evidence.[12] And, as previously noted, when the determination of facts turns on a question of witness credibility, we will not substitute our opinion for that of the trier of fact.[13] After careful review, we find that there was sufficient evidence presented at trial to support O'Neal's conviction for PFBPP.[14]

(15) The Court has reviewed the record carefully and has concluded that O'Neal's appeal is wholly without merit and devoid of any arguably appealable issues. We are also satisfied that counsel has made a conscientious effort to examine the record and the law and has properly determined that O'Neal could not raise a meritorious claim in this appeal.

---

[11] *Williams v. State*, 2005 WL 2414375, at *2 (Del. Sept. 29, 2005).

[12] *Id.*

[13] *Dryden*, 2008 WL 555956, at *1.

[14] *See* 11 *Del. C.* § 1448(b) (providing that a "person prohibited" who knowingly possesses, purchases, owns, or controls a deadly weapon while so prohibited is guilty of possession of a deadly weapon by a person prohibited); *id.* § 222(6) (defining a "deadly weapon" to include, among other things, a firearm).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is AFFIRMED.  Counsel's motion to withdraw is moot.

BY THE COURT:


*/s/ Collins J. Seitz, Jr.*
Chief Justice